Mr. Kenza van Assenderp General Counsel, Florida Tax Collectors Association Post Office Box 1833 Tallahassee, Florida 32302-1833
Dear Mr. van Assenderp:
Several tax collectors have asked you to request, on their behalf, the opinion of this office on substantially the following question:
Is the property of a tax collector operating as a fee officer subject to the provisions of Chapter 274, Florida Statutes, when the acquisition of such property was properly budgeted and funded by income of the office of the tax collector?
In sum:
Property of a tax collector operating as a fee officer is subject to the provisions of Chapter 274, Florida Statutes, when the acquisition of such property was properly budgeted and funded by income of the tax collector's office.
Your inquiry concerns tax collectors operating as fee officers in noncharter counties or in charter counties where the powers and duties of the county constitutional officers remain unchanged.
Section 218.35(1), Florida Statutes, provides in pertinent part:
Each county fee officer shall establish an annual budget for his or her office which shall clearly reflect the revenues available to said office and the functions for which money is to be expended.
This office has previously stated that the annual budget established and submitted by the tax collector operating as a fee officer should contain all items of expenditure, including operating capital outlay and equipment.[1] Section 195.087(2), Florida Statutes, provides for the submission of each tax collector's budget for the ensuing fiscal year to the Department of Revenue for approval. After final approval of the budget by the department, "there shall be no reduction or increase by any officer, board, or commission without the approval of the department."[2] Thus, the expenditure of substantial items of tangible personal property must be included within the budget of the tax collector.
While the tax collector performs functions not only for the county but also for the state and districts, only one budget is submitted to the Department of Revenue. Thus, unlike the clerk of court who is required to prepare separate budgets, one relating to the state courts system and one relating to the clerk's county-related duties, the tax collector prepares one budget that incorporates all aspects of his or her official duties.[3]
In previously considering the issue of whether tangible personal property acquired by a fee officer constitutes the property of the fee officer or of the county, this office has consistently stated that property acquired by a fee officer such as the tax collector becomes county property upon its acquisition. For example, in Attorney General Opinion 56-187, this office concluded that, where substantial items of equipment were purchased by a fee officer from the income of his or her office as an office expense, such items become county property. While the property may be under the supervision and control of the incumbent of the office for which it was purchased, it is not the property of such office or its incumbent officer. Similarly, in Attorney General Opinion 76-173, this office recognized that equipment purchased by the county tax collector fee officer in carrying out his or her duties to equip and maintain the office becomes the property of the county when purchased.[4]
Chapter 274, Florida Statutes, establishes provisions regarding the control, supervision, and disposal of tangible personal property owned by local governments. In Attorney General Opinion 60-18, this office examined the parameters of the then newly adopted chapter and concluded that it constituted a legislative attempt to provide a complete, orderly, and practical procedure for the supervision and control of county personal property. The opinion notes that Chapter 274 makes no distinction between property purchased with the funds of the board of county commissioners and property purchased with the funds of the various county offices and thus stated:
Property acquired through either of the foregoing methods becomes county property immediately upon the purchase thereof although the use and control of such property may be delegated to a particular county office (s. 274.03, supra).
This office, therefore, concluded that property purchased by the various county constitutional officers was subject to the provisions of Chapter 274.
As originally adopted, Chapter 274, Florida Statutes, in setting forth the responsibilities and duties regarding county tangible personal property, defined "governmental unit" to refer to the governing board, commission or authority of a county or taxing district of the state. In 1961 the Legislature amended section274.01(1), Florida Statutes, to include within the definition of "governmental unit" the sheriff of the county.[5] Thus, the statute was specifically amended to permit the sheriff to supervise and control, and to be custodian of, the property of his or her office.[6] Such amendment, however, did not extend such authority to the other county constitutional officers. It is a well recognized principle of statutory construction that the mention of one thing implies the exclusion of another.[7]
You suggest that only the governing body of the county and the sheriff of the county are subject to, and limited by, the procedures set forth in Chapter 274, Florida Statutes, while no such constraints apply to the other county constitutional officers. This office has found no evidence to support the conclusion that the Legislature sought to restrict only the powers of the county commission and the sheriff while allowing other county constitutional officers unfettered discretion in the control and disposition of tangible personal property. Rather, as expressed above, Chapter 274 appears to constitute a legislative directive that property be handled in an orderly and uniform fashion throughout county government.
You have not brought to this office's attention any statute or judicial decision that would alter the conclusions reached in the above opinions. Accordingly, until legislatively or judicially clarified, it appears that tangible personal property acquired by a constitutional county officer serving as a fee officer becomes county property upon its acquisition. As noted above, the tax collector operates under a single budget, which must include all equipment and supplies needed for the tax collector to perform all his or her statutory duties. Thus, a distinction would not appear to exist for property acquired by the tax collector to perform state-related or district-related functions as opposed to county functions.
Section 274.03, Florida Statutes, provides that a governmental unit shall be primarily responsible for the supervision and control of its property. It may, however, delegate to a custodian the use and immediate control of such property. While a governmental unit may assign to or withdraw from a custodian its property, if the custodian is an officer elected by the people or appointed by the Governor, it may not be withdrawn from his or her custody without consent. Inasmuch as the property about which you have inquired was included within the approved budget of the tax collector and was purchased to carry out the statutorily prescribed functions of the tax collector, the tax collector should be designated as the custodian of such property that may not be removed from the tax collector without his or her consent. Once the tax collector determines that the property is no longer useful to the office, the property may be withdrawn from the custody of the tax collector with his or her consent and may be surplused by the county pursuant to the provisions of Chapter 274, Florida Statutes.
Accordingly, I am of the opinion that until legislatively clarified, property of a tax collector operating as a fee officer is subject to the provisions of Chapter 274, Florida Statutes, when the acquisition of such property was properly budgeted and funded by income of the tax collector's office. However, in light of the continuing confusion that appears to exist regarding this issue, the Legislature may wish to clarify this matter.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, Op. Att'y Gen. Fla. 76-173 (1976).
[2] Section 195.087(2), Fla. Stat. (1993).
[3] Section 218.35, Fla. Stat. (1993).
[4] See also, Op. Att'y Gen. Fla. 53-78, p. 222 (1953-1954) (automobile purchased with excess fee funds of a county fee officer are county property even though title is not in the name of the county and purchase of liability insurance for automobile may only be purchased with approval of board of county commissioners).
[5] Chapter 61-102, Laws of Florida.
[6] And see, s. 30.53, Fla. Stat. (1993), providing that the independence of the sheriff shall be preserved concerning the purchase of supplies and equipment.
[7] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944).